IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR., a.k.a.
BRITTNEY HARDAWAY BRADLEY,

                         Plaintiff,

    v.

DANE CO. SHERIFF'S DEPT.,

                         Defendant.

OPINION and ORDER

20-cv-49-jdp

---

BRANDON D. BRADLEY, SR.,

                         Plaintiff,

    v.

DANE CO. SHERIFF'S DEPT.,

                         Defendant.[1]

OPINION and ORDER

20-cv-50-jdp

---

Pro se plaintiff Brandon D. Bradley, Sr., also known as Brittney Hardaway Bradley, has filed two lawsuits against defendant Dane County Sheriff's Department.[2] She says that she was treated inhumanely while she was incarcerated by the Dane County Sheriff's Department. Each lawsuit concerns a separate period of incarceration, but there is extensive overlap between the two lawsuits, so I will screen them together in this order and address several identical motions she has filed in both cases.

---

[1] The court has updated the caption to the '50 case to reflect the parties named in Bradley's amended complaint, Dkt. 26, at 1–2.

[2] In her filings in her cases in this court, Bradley refers to herself with both feminine and masculine pronouns. Bradley identifies as a transgender woman, and her status as a transgender woman is the subject of one of her cases. *See Bradley v. Novak*, No. 20-cv-48, Dkt. 22 (W.D. Wis. Feb. 25, 2020). So I will refer to Bradley with feminine pronouns.

Bradley is currently incarcerated at Columbia Correctional Institution (CCI). She is proceeding in forma pauperis in both cases, Dkt. 8, and the court has waived her initial partial payments of her filing fees, Dkt. 11.[3] Because Bradley is proceeding in forma pauperis and because she is a prisoner suing government officials, I must screen her complaints under 28 U.S.C. §§ 1915 and 1915A. Bradley's complaints do not comply with the Federal Rules of Civil Procedure, so I will dismiss her claims and give her a short time to file amended complaints.

As a preliminary matter, Bradley has filed two complaints in the '49 case, and I must determine which of these complaints to screen. Bradley's initial complaint, Dkt. 1, concerned her confinement in the Dane County jail in 2017. She subsequently filed an amended complaint, Dkt. 27, concerning her confinement in the Dane County jail in 2019. Because her initial complaint had not yet been served, Bradley had the right to amend her complaint once. Fed. R. Civ. P. 15(a)(1)(A). So under normal circumstances, I would screen Bradley's amended complaint. But she filed an identical amended complaint in the '50 case. *See* Case No. 20-cv-50, Dkt. 26. Bradley's original complaint in that case, like the amended complaints she filed in both cases, concerned her confinement in 2019. So it appears that she filed the amended complaint in this case in error, because it duplicates the amended complaint she filed in the '50 case and because it concerns events that occurred two years after the events described in her original complaint. Accordingly, I will screen Bradley's initial complaint from this case, and I will screen her amended complaint from the '50 case.

---

[3] All docket cites refer to the '49 case unless otherwise noted.

ALLEGATIONS OF FACT

**A.  2017 incarceration**

I draw the following facts from Bradley's complaint in the '49 case, Dkt. 1.

Bradley was incarcerated in the Dane County jail between June 8, 2017, and October 13, 2017. She describes many incidents in which she says that unidentified jail staff violated her rights, but she gives little detail about these incidents. They include:

- Allowing her to attempt to hang herself while she was on observation status.

- Failing to send her to a hospital after she tried to hang herself.

- Painfully restraining her, such as strapping her down for two to eight hours at a time with no range of motion; strapping her down in four-point restraints with shackles after her kidney had been surgically removed; and strapping her into a restraint chair so tightly that the circulation to her arms, legs, and feet was cut off.

- Slamming her face-first into a wall, chipping her teeth.

- Slamming her to the ground and beating her while she was in full restraints.

- Failing to give her medical attention after a cell extraction.

- Failing to clean a surgical scar on her stomach.

- Reducing her food intake after surgery, causing her to lose 20 pounds.

- Housing her in a filthy cell in "supermax isolation," in which her conditions of confinement included lights on at all hours, occasional denial of showers, removal of her mattress and clothes, and no drinking water.

- Allowing her to withdraw from alcohol "cold turkey."

**B.  2019 incarceration**

I draw the following facts from Bradley's amended complaint in the '50 case, Dkt. 26.

After Bradley was discharged from the custody of the Department of Corrections, she was held in the Dane County jail between April 23 and June 12, 2019. She was in bad health when she arrived, but she was given no medical attention.

3

She was kept in what she describes as "supermax housing." While in this housing unit, she was denied access to law library materials, books, telephone, hygiene supplies, mail, and writing materials. The unit was filthy, with bad plumbing, bugs, and mold. Lights were kept on at all times and the doors were so heavy that they sounded like "bombs" when they closed. Her water was cut off multiple times and the amount of food she was given was decreased, causing her to lose 15 pounds.

Bradley describes an incident in which a floor sergeant and five deputies came to her cell. Bradley stripped down to her underwear, although she does not say why. The officers rushed into her cell and began using force on her, ripping her bra off. For the next two days, she was strapped down for six to eight hours at a time without any ability to move.

Bradley also describes three other issues regarding her confinement, but she gives few details regarding them:

- During Bradley's period of incarceration, she was restrained with straps a total of about 25 times for two to six hours at a time, without any ability to move.

- She was sprayed with incapacitating spray and forced to stay in her cell while jail staff "suited up." Dkt. 26, at 3.

- She was housed with another inmate against whom she had a "keep separate" order. She does not describe any problems that occurred with this inmate.

ANALYSIS

**A. Screening**

In both cases, Bradley names the Dane County Sheriff's Department as the sole defendant. But a county sheriff's department is not a legally separate entity from the county government and therefore may not be sued. *Whiting v. Marathon Cty. Sheriff's Dep't*, 382 F.3d

700, 704 (7th Cir. 2004). So I will construe Bradley's complaints as complaints against Dane County.

In screening Bradley's complaints, I must dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915 and 1915A. Because Bradley is proceeding pro se, I must hold her complaints to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I must accept the allegations in her complaints as true for the purposes of screening, view them in the light most favorable to Bradley, and draw all reasonable inferences in her favor. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

But Bradley, like all litigants, must still comply with Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires a plaintiff to include in her complaint "a short and plain statement of the claim showing that [she] is entitled to relief," and Rule 8(d) provides that "each allegation must be simple, concise, and direct." The primary purpose of these rules is to provide fair notice. A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994) (quoting *Wade v. Hopper*, 993 F.2d 1246, 1249 (7th Cir. 1993)).

In her complaints, Bradley describes numerous actions by Dane County jail officials that she contends violated her rights under the United States Constitution and under state law. But federal law prohibits Bradley from raising at least some of these claims against the county. And although Bradley may pursue these claims by adding new defendants to these lawsuits, the Federal Rules of Civil Procedure will likely not allow Bradley to combine all of her

5

claims into a single lawsuit. Because Bradley's complaints do not include enough details to allow me to determine whether she has stated any claims upon which relief may be granted, I will give her a short time to file amended complaints in these cases. I will give her some general guidance to follow in submitting her amended complaints.

First, at least some of the claims that Bradley seeks to bring cannot be brought against Dane County. Instead, they may be brought against only the specific county employees who performed the actions that she describes. Regarding Bradley's constitutional claims, a county is responsible for its employees' violations of a plaintiff's constitutional rights only if the violations occurred due to a county policy or custom, or if they were performed by an official with final policymaking authority. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Bradley does not explicitly allege that any of the actions she describes in her complaints meet either condition. In her amended complaints, Bradley should clearly allege which, if any, of the constitutional violations she describes fit these conditions. If she wishes to bring constitutional claims that do not fit these conditions, she must name individual county employees as defendants. Likewise, regarding Bradley's state-law tort claims, a county is not liable for the intentional torts of its employees. Wis. Stat. § 893.80(4). So if Bradley wishes to bring any intentional tort claims, she will have to name individual employees as defendants.

Second, if Bradley does name additional defendants, she should be aware of the requirements of Federal Rule Civil Procedure 20, which governs joining multiple defendants into one lawsuit. Under Rule 20(a)(2), a plaintiff may name multiple defendants in a lawsuit only if she asserts claims against all of them that (1) arise out of the same transaction or occurrence, or series of transactions or occurrences; and (2) include a question of law or fact that will apply to all of the defendants. If at least one of Bradley's claims meets these

requirements for all the defendants that she names in her lawsuit, Rule 18 then allows her to then add any further claims she might have against any of the defendants. These further claims do not need to comply with Rule 20's requirements.

Generally speaking, Bradley should draft her amended complaints as if she were telling a story to people who know nothing about the events at issue. In particular, she should clearly explain which individuals performed which actions and whether any of those actions were based on a county policy or custom. If Bradley fails to respond to this order by the deadline below, I will dismiss these cases for her failure to state a claim upon which relief may be granted, and I will assess her a "strike" for each case under 28 U.S.C. § 1915(g).

## B. Motions for joinder

Bradley asks to join these two cases with each other and with two other cases that are pending in this district, Case Nos. 20-cv-48 and 20-cv-51. Dkt. 19. Rules 18 and 20, described above, govern the joinder of multiple claims and defendants into the same lawsuit. Although the '49 and '50 cases involve the same defendant, joinder under Rule 18 would be premature at this point because Bradley may name additional defendants in her amended complaints. And the '48 and '51 cases involve conduct that occurred at CCI, not the Dane County jail, and they name defendants who have no connection to the Dane County jail. So regardless of what claims in the '49 and '50 cases might survive screening, the '48 and '51 cases cannot be joined with those cases. Accordingly, I will deny Bradley's motions for joinder.

## C. Motions for assistance in recruiting counsel

Bradley asks me to appoint counsel to represent her. Dkt. 5. But litigants in civil cases do not have a constitutional right to counsel, and I do not have the authority to appoint counsel to represent a pro se plaintiff in a civil matter. Rather, I can only assist in recruiting counsel

who may be willing to serve voluntarily. *See* 28 U.S.C. § 1915(e)(1); *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc). A party requesting such assistance must show three things: (1) she cannot afford to hire a lawyer, 28 U.S.C. § 1915(e)(1); (2) she has made reasonable efforts on her own to find a lawyer to represent her, *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992); and (3) the legal and factual difficulty of the case exceeds her ability to prosecute it, *Pruitt*, 503 F.3d at 655.

Bradley has satisfied the first requirement, as the court has granted her leave to proceed in forma pauperis. But she does not show that she has made any effort to recruit counsel on her own, such as by providing letters from attorneys who have declined to represent her. And in any event, it is too early to determine whether these cases will be too complex for Bradley to handle without counsel. This court generally defers decisions regarding recruitment of counsel at least until the deadline has passed for defendants to file a motion for summary judgment on the ground that the plaintiff failed to exhaust her administrative remedies. Because defendants have the burden to show that Bradley did not properly complete the exhaustion process and because issues about exhaustion are usually simpler than a case's merits, counsel is usually unnecessary at that stage. Bradley's filings to date show that she should be able to handle any issues related to exhaustion, so I decline to recruit counsel for her at this time.

### D.  Motions for preliminary injunction and temporary restraining order

Bradley asks me to issue preliminary injunctions and temporary restraining orders preventing the sheriff's department and others from retaliating against her. Dkt. 7. Both types of relief provide a party with temporary relief during a pending lawsuit. *See* Fed. R. Civ. P. 65. Such relief is an "extraordinary equitable remedy that is available only when the movant shows

8

clear need." *Turnell v. CentiMark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). Bradley has not shown such need. She is not currently incarcerated at the Dane County jail, and she does she explain why she fears retaliation. Nor have I yet given her leave to proceed on any claims in these lawsuits. Accordingly, I will deny her motions.

## E.  Motions to proceed

Bradley has filed documents titled "Motion to Proceed," in which she says that she wishes to pay her filing fees and have her complaints screened. Dkt. 20. I understand these documents to be Bradley's responses to letters from the clerk of court's office asking her to clarify whether she wished to dismiss these cases, Dkt. 16. The clerk's office asked for clarification because Bradley had asked to dismiss these cases when she was unaware that her requests for leave to proceed without paying her initial partial payment of the filing fee had been approved. Bradley did not need to file formal motions to have me screen her complaints, but in any event, because I have now done so, I will deny her motions as moot.

## F.  Motions for update

Bradley has filed motions in these cases and two others for an update on her request for a preliminary injunction in the '48 case. Dkt. 29. I will deny these motions because they are entirely unrelated to these cases. In the future, Bradley should file motions only in cases to which they are related.

ORDER

IT IS ORDERED that:

1. The complaints of plaintiff Brandon D. Bradley, Sr., also known as Brittney Hardaway Bradley, Dkt. 1 in the '49 case and Dkt. 26 in the '50 case, are DISMISSED for failure to comply with Federal Rule of Civil Procedure 8. Bradley may have until June 1, 2020, to submit amended complaints in these cases.

2. Bradley's motions for joinder, Dkt. 19 in the '49 case and Dkt. 20 in the '50 case, are DENIED.

3. Bradley's motions for assistance in recruiting counsel, Dkt. 5 in the '49 case and Dkt. 6 in the '50 case, are DENIED.

4. Bradley's motions for preliminary injunctions and temporary restraining orders, Dkt. 7 in the '49 case and Dkt. 8 in the '50 case, are DENIED.

5. Bradley's motions to proceed, Dkt. 20 in the '49 case and Dkt. 21 in the '50 case, are DENIED.

6. Bradley's motions for updates on Case No. 20-cv-48, Dkt. 29 in the '49 case and Dkt. 28 in the '50 case, are DENIED.

Entered May 11, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge