IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR., a.k.a.
BRITTNEY HARDAWAY BRADLEY,

        Plaintiff,

v.

DANE CO. SHERIFF'S DEPT.,

        Defendant.

OPINION and ORDER

20-cv-49-jdp

---

BRANDON D. BRADLEY, SR.,

        Plaintiff,

v.

DANE CO. SHERIFF'S DEPT.,

        Defendant.

OPINION and ORDER

20-cv-50-jdp

---

Pro se plaintiff Brandon D. Bradley, Sr., also known as Brittney Hardaway Bradley, has filed two lawsuits against defendant Dane County Sheriff's Department. These cases concern two separate periods of incarceration in the Dane County jail, one in 2017 and one in 2019. Because these cases overlap extensively, I screened them together. Dkt. 30.[1] Both of her initial complaints failed to comply with the Federal Rules of Civil Procedure, so I dismissed them both and invited her to file amended complaints. After I issued my order but before Bradley received it, she sought leave to file amended complaints in both cases. I denied her motions because her proposed amended complaints suffered from the same problems I had identified in my screening order. Dkt. 35.

---

[1] All docket citations refer to the '49 case unless otherwise noted.

Bradley has now filed new proposed amended complaints in both cases.[2] Case No. 20-cv-49, Dkt. 36; Case No. 20-cv-50, Dkt. 35. But she cannot proceed with any of her claims at this point because both complaints violate the Federal Rules of Civil Procedure by joining together claims and defendants who do not belong in the same lawsuit. To proceed, Bradley must choose a single set of claims to pursue under each lawsuit and file new complaints with more details about those claims. I will give her a short time to do so.

ALLEGATIONS OF FACT

Bradley has filed complaints or proposed amended complaints in both cases addressing both periods of incarceration, so I previously told her to address the 2017 period of incarceration in the '49 case and the 2019 period in the '50 case. Dkt. 35, at 2. But her most recent proposed complaints reverse this, addressing the 2019 period in the '49 case and the 2017 period in the '50 case.

A. 2017 incarceration

I draw the following facts from Bradley's proposed amended complaint in the '50 case, Dkt. 35.

Bradley describes many things that occurred while she was confined in the Dane County jail between June 8 and October 13, 2017. She does not give many details about most of these occurrences. They include:

---

[2] In both cases, Bradley filed proposed amended complaints a few days prior to the complaints I consider in this order. Case No. 20-cv-49, Dkt. 33; Case No. 20-cv-50, Dkt. 32. But her later complaints are copies of the earlier complaints that she has hand-corrected, showing that she intended the later complaints to replace the earlier ones. So I will dismiss her prior motions to amend her complaints as moot.

- She was detained in "supermax housing" conditions with mold, constant lighting, bad plumbing, bugs, and filthy cells.

- She was denied paper, pencils, hygiene materials, telephone use, phonebooks, television, and other items.

- She was prevented from attending a revocation hearing because she had been accused of assaulting staff.

- Doctor Brightwell and mental health staff did not provide her with proper medication or treatment for her mental illness, even though she engaged in self-harm attempts including hanging and hitting her head against the wall.

- In retaliation for her alleged staff assaults, jail nurses denied her medication after surgery for renal cancer, allowed her to withdraw from alcohol "cold turkey" when she arrived at the jail, and allowed her to be strapped down after her surgery without any range of motion or restraint checks for two to eight hours at a time at least 50 times.

- Sergeants and deputies took her mattress and clothes, turned off the water in her cell, and decreased her food, causing her to lose 40 pounds, her skin to break out, and her hair to fall out.

- She was physically attacked by jail staff on five occasions, including one in which she was slammed face-first into a window, cracking two of her teeth. She was punched, kicked, kneed, and elbowed during this attack.

- She was sprayed multiple times with incapacitating spray after which deputies refused to obtain medical attention and refused to clean her cell, causing severe burning.

**B. 2019 incarceration**

I draw the following facts from Bradley's proposed amended complaint in the '49 case, Dkt. 36.

As with her 2017 period of incarceration, Bradley describes numerous occurrences during her confinement in the Dane County jail between April 23 and June 12, 2019. She again gives few details about most of these occurrences. They include:

- She was detained in "supermax housing" conditions with bad plumbing, constant lighting, mold, bugs, and filthy cells.

3

- Jail nurses refused to allow her to go to a hospital for her medical needs because they were afraid that the hospital would discover that she had been poisoned while in Department of Corrections custody.

- The jail's classification supervisor refused to promote her out of administrative confinement.

- Jail mental health workers refused to give her proper mental health care.

- Jail mental health staff and nursing supervisors discontinued her medications.

- A jail sergeant ordered that she be denied books, law library access, telephone use, phonebooks, and hygiene materials.

- Jail staff denied her request for a "keep separate" order against a fellow inmate who taunted her and showed her his penis.

- After she hit her head against the wall, she was strapped down more than 20 times for two to six hours at a time with no range of motion.

- Jail staff decreased her food, causing her to lose 20 pounds.

- Deputy Chapman sprayed her with incapacitating spray after a dispute over a food tray and refused to take her out of her cell until an extraction team arrived, causing her to have difficulty breathing.

- After a dispute over medication, jail staff came to her cell to forcibly extract her without body cameras. She stripped down to her underwear and dropped the medication. A sergeant slammed her onto the ground, twisted her arms, and elbowed and kneed her. Another staff member ripped her bra off.

- After the altercation in her cell, she again engaged in self-harm by hitting her head against the wall. She says that she was again strapped down for two to six hours at a time with no range of motion. She also says that jail nurses and mental health workers failed to stop her from harming herself.

- On three occasions, a jail sergeant "suited up" on her for cell extractions and strapped her into a chair with no range of motion, cutting off her circulation. He placed stun shields and spit masks onto her face.

ANALYSIS

The primary difference between Bradley's latest proposed amended complaints and her initial complaints is that Bradley now names numerous defendants instead of naming only the sheriff's department. But like her initial complaints, these complaints encompass numerous

4

wrongs that Bradley believes that she experienced during both periods of incarceration. As I explained in my previous screening order, Federal Rule of Civil Procedure 20 prohibits plaintiffs from bringing unrelated claims against different defendants. Under Rule 20, Bradley may name multiple defendants in a lawsuit only if she asserts claims against all of them that (1) arise out of the same transaction or occurrence; and (2) include a question of law or fact that will apply to all of the defendants. Once Bradley has properly joined a defendant under Rule 20, she may bring any other claims she has against that defendant, whether or not those claims comply with Rule 20's requirements. But she may not bring unrelated claims against defendants who have not been properly joined under Rule 20. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

The only thread that links the claims and defendants that Bradley seeks to bring in her latest complaints is that all of the events she describes occurred during a particular period of confinement in the Dane County jail. Her proposed amended complaint in the '50 case, which describes her 2017 period of incarceration, describes at least seven distinct sets of claims:

- Her conditions of confinement in the jail, including housing conditions, access to hygiene materials, and diet.
- The quality of her mental and physical healthcare.
- Denial of access to legal materials.
- Retaliatory acts by jail staff.
- The use of restraints by jail staff.
- Physical attacks by jail staff.
- Jail staff's use of incapacitating spray.

And her proposed complaint in the '49 case, which describes her 2019 period of incarceration, describes at least 10 distinct sets of potential claims:

- Her conditions of confinement in the jail, including housing conditions, access to hygiene materials, and diet.

5

- The quality of her mental healthcare.
- The nurses' refusal to allow her to visit a hospital.
- The refusal to remove her from administrative confinement.
- Denial of access to legal materials.
- Failure to protect her from her fellow inmate's harassment.
- Deputy Chapman's use of incapacitating spray and the delay in extracting her from her cell.
- The use of force by the officers who extracted her from her cell after the dispute over medication.
- Failure to protect her from engaging in self-harm.
- The use of restraints by jail staff, including restraint chairs, stun shields, and spit masks.

The lack of details provided by Bradley for each of these sets of claims and her extensive naming of Doe defendants makes it impossible to tell whether any of these sets of claims could be joined with any other sets of claims under Rules 18 and 20. But each set of claims appears to require a separate lawsuit because none of them appear to be based on the same set of transactions or occurrences and none of them appear to involve the same defendants.

Bradley must choose one set of claims on which to proceed under each of these case numbers. Because the allegations in her complaints are so sparse, I will direct Bradley to file new complaints in both lawsuits, each focusing only on a single set of claims. These complaints must include enough detail to provide fair notice of her claims as required by Federal Rule of Civil Procedure 8. If she wishes to pursue the other sets of claims, she must raise them in separate lawsuits. If she does not do so, those claims will be dismissed without prejudice and she will be free to bring them at another time so long as she does so before the statute of limitations has run.

Because it is unclear at this time which of Bradley's potential lawsuits she will pursue, I have not assessed the merits of the claims raised in any of the potential lawsuits identified above. After Bradley has identified the lawsuits she wants to litigate and submitted new amended complaints, I will screen those complaints under 28 U.S.C. §§ 1915 and 1915A. Because Bradley faces filing fees and potential "strikes" under § 1915(g) for each lawsuit she pursues, she should carefully consider the merits and relative importance of each of her potential lawsuits when choosing which of them she wishes to pursue.

If Bradley disagrees with the way I have grouped her lawsuits, she may raise those objections, but she must still comply with this order and submit new complaints in these cases that focus only on a single set of claims for each case. This is Bradley's final chance to submit complaints that I will screen. If she fails to submit new complaints that comply with this order by the deadline identified below, I will dismiss all of her claims for failure to state a claim.

ORDER

IT IS ORDERED that:

1. The motions for leave to file amended complaints of plaintiff Brandon D. Bradley, Sr., also known as Brittney Hardaway Bradley, Dkt. 33 and Dkt. 36 in the '49 case and Dkt. 32 and Dkt. 35 in the '50 case, are DENIED.

2. Bradley may have until August 6, 2020, to submit amended complaints in these cases that comply with the Federal Rules of Civil Procedure, particularly Rule 20.

Entered July 15, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge