IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR., a.k.a.
BRITTNEY HARDAWAY BRADLEY,

                Plaintiff,                OPINION and ORDER

   v.

                                                  20-cv-49-jdp

DEPUTY VAN NORM,

                Defendant.

---

Pro se plaintiff Brandon Bradley, also known as Brittney Bradley, says that she was mistreated during a cell extraction that occurred while she was a pretrial detainee at the Dane County jail. In screening Bradley's third amended complaint, I gave her leave to proceed on claims against defendant Deputy Van Norm as well as two unidentified sheriff's deputies and an unidentified sergeant. Dkt. 40. Bradley failed to file an amended complaint identifying these defendants by her April 2, 2021 deadline, so I dismissed the Doe defendants from the case. Dkt. 56.

Bradley has filed three motions concerning the Doe defendants: (1) a motion to compel Van Norm to respond to her discovery requests, Dkt. 61; (2) a motion for sanctions regarding Van Norm's failure to respond to the same discovery requests, Dkt. 64; and (3) a motion to amend her complaint to identify two of the three Doe defendants. Dkt. 68.

As for Bradley's first two motions, she justifies them only with vague accusations, contending that Van Norm and his counsel "are causing [her] unnecessary delay," Dkt. 61, and that Van Norm "blatantly disregarded [Bradley's] multiple demands for discovery," Dkt. 64. But she doesn't identify any specific problems with Van Norm's responses to her

discovery requests, nor does she provide any support for her accusation that he has engaged in unnecessary delay.

In his response to Bradley's first two motions, Van Norm submits copies of his responses to Bradley's discovery requests. Dkts. 71-1–71-7. He says that Bradley did not object to any of his responses or ask him to supplement them. And he says that Bradley failed to meet and confer with Van Norm's counsel before filing her motion to compel, as required by Federal Rule of Civil Procedure 37(a)(1). Bradley says in a surreply brief that Van Norm failed to provide a copy of an incident report about the cell extraction that he said he would produce. Dkt. 74. But she doesn't address Van Norm's main point, which is that Bradley didn't object to the omission or otherwise attempt to resolve the issue with Van Norm before filing these motions. Bradley has failed to support her motion to compel and her motion for sanctions, so I will deny both motions.

Bradley is a prolific litigator who has filed multiple unsupported motions for sanctions. I warned her in another case that if she filed another unsupported or frivolous motion in any case, I would bar her from filing any motions without first seeking permission from the court. *Bradley v. Price*, No. 20-cv-48-jdp, Dkt. 119 (W.D. Wis. Nov. 24, 2020). I will do so now. **If Bradley wishes to file any motion in any case in this court, she must request permission with a summary of the relief she seeks and with an explanation of why she believes that she is entitled to that relief in a filing of no more than four pages. Any motions that Bradley files that do not comply with this order will be summarily denied.** I will have the clerk's office docket this order in all her pending cases.

As for Bradley's third motion, she asks to amend her complaint to identify Nick Skrepenski and Deputy Floyd as the two Doe deputies. Rule 15(a)(2) provides that I should

give Bradley leave to amend her complaint "when justice so requires." Van Norm doesn't object to Bradley's motion. Dkt. 76, at 1 n.1. I will grant the motion.

ORDER

IT IS ORDERED that:

1. The motion of plaintiff Brandon D. Bradley, Sr., a.k.a. Brittney Hardaway Bradley, to compel discovery, Dkt. 61, is DENIED.

2. Bradley's motion for sanctions, Dkt. 64, is DENIED.

3. If Bradley wishes to file any motion in any case in this court, she must request permission with a summary of the relief she seeks and with an explanation of why she believes that she is entitled to that relief in a filing of no more than four pages. Any motions that Bradley files that do not comply with this order will be summarily denied.

4. Bradley's motion to amend her complaint, Dkt. 68, is GRANTED. The clerk of court is directed to add defendants Deputy Floyd and Nick Skrepenski to the caption.

5. The court will send copies of Bradley's amended complaint, Dkt. 39; the screening order, Dkt. 40; and this order to the United States Marshal for service on Floyd and Skrepenski.

6. For the time being, Bradley must send Floyd and Skrepenski a copy of every paper or document that she files with the court. Once Bradley learns the name of the lawyer or lawyers who will be representing these defendants, she should serve the lawyer directly rather than Floyd and Skrepenski. The court will disregard documents Bradley submits that do not show on the court's copy that she has sent a copy to Floyd and Skrepenski or to their attorney.

7. Bradley should keep a copy of all documents for her own files. If she is unable to use a photocopy machine, she may send out identical handwritten or typed copies of her documents.

Entered June 2, 2021.

                          BY THE COURT:

                          /s/

                          _____
                          JAMES D. PETERSON
                          District Judge