IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR., a.k.a.
BRITTNEY HARDAWAY BRADLEY,

                    Plaintiff,

  v.

ROBERT VAN NORMAN, DEPUTY FLOYD,
and NICK SKREPENSKI,

                    Defendants.

ORDER

20-cv-49-jdp

---

Pro se plaintiff Brandon Bradley, also known as Brittney Bradley, is currently a prisoner at Green Bay Correctional Institution. Bradley alleged that when she was a prisoner at Dane County Jail, staff used excessive force against her during a cell extraction. The parties filed cross-motions for summary judgment; I denied Bradley's motion and granted defendants' motion because Bradley failed to present evidence that could lead a jury to conclude that defendants used an unreasonable amount of force. *See* Dkt. 143. Judgment was entered on March 1, 2022.

Bradley has filed a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). Dkt. 146. Relief under Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion is successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact; or (2) that newly discovered evidence precludes entry of judgment. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013).

Bradley's motion does not meet these standards. She focuses mostly on what she believes was her unlawful confinement, but this case was not about the validity of her

confinement so there is nothing for me to reconsider on that issue. Otherwise, Bradley reiterates that she believes that defendants used excessive force against her but she does not present new evidence or persuade me that I incorrectly decided the parties' summary judgment motions. Instead of a reply brief she followed up with what she calls a supplemental Rule 59 motion, Dkt. 162, that also focuses on the irrelevant issue of what she believes was her unlawful confinement. I will deny both her original Rule 59(e) motion and the supplemental motion.

Bradley has filed a notice of appeal and she seeks leave to appeal in forma pauperis. *See* Dkt. 147 and Dkt. 155. I will deny that request because Bradley has "struck out" under 28 U.S.C. § 1915(g). *See Bradley v. Marchezki*, No. 20-cv-1031-jdp, 2022 WL 174366, at *1 (W.D. Wis. Jan. 12, 2022) (discussing Bradley's three-strike status). This means that she cannot obtain indigent status under § 1915 in any lawsuit or appeal she files during the period of her incarceration, except for instances in which she alleges that she is in imminent danger of serious physical injury at the time she filed the lawsuit or appeal. Bradley is no longer incarcerated at the Dane County Jail, so there is no plausible way for her to meet the imminent danger standard regarding the appeal of this lawsuit. That means that Bradley cannot proceed with this appeal without prepaying the $505 filing fee unless the court of appeals gives her permission to do so.

Bradley has also filed motions to stay the proceedings, alleging that prison staff is interfering with her mail. Dkt. 160 and Dkt. 161. The only active briefing left in the case concerns defendants' bill of costs. I will direct the clerk of court to send Bradley another copy of defendants' filings related to the bill of costs and I will grant Bradley a short extension of time to respond to it. The court will not grant any further extension of this deadline unless

Bradley persuasively explains in detail why she needs more time to oppose the bill of costs. The court will not consider any argument related to the validity of Bradley's confinement.

ORDER

IT IS ORDERED that:

1. Plaintiff Brandon Bradley's motions to alter or amend the judgment, Dkt. 146 and Dkt. 162, are DENIED.

2. Plaintiff's motion for leave to appeal in forma pauperis, Dkt. 155, is DENIED. The clerk of court is requested to ensure that plaintiff's obligation to pay the $505 appellate filing fee is reflected in this court's financial records. Under Federal Rule of Appellate Procedure 24, plaintiff has 30 days from the date of this order to ask the court of appeals to review this order. Plaintiff must include with her motion a copy of her affidavit of indigency and a copy of this order.

3. Plaintiff's motions for an extension of time to oppose defendants' bill of costs, Dkt. 160 and Dkt. 161, are GRANTED. Plaintiff's new deadline is May 4, 2022. Defendants' brief in support of the bill of costs is now due May 16, 2022. Plaintiff's brief in reply to her opposition is now due May 23, 2022. The clerk of court is directed to send plaintiff a copy of defendants' filings at Dkt. 153.

Entered April 26, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge