IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR.,

                Plaintiff,

  v.

SERGEANT ROSS, NURSE DOE,
DRS. JANE AND JOHN DOE,
and DOE DEPUTIES,

                Defendants.

ORDER

21-cv-467-jdp

---

      Plaintiff Brandon D. Bradley, Sr., who is also known as Brittney Bradley, is currently a prisoner at Green Bay Correctional Institution. Bradley contends that staff at the Dane County Jail tethered her to a restraint chair so tightly that it injured her and that medical staff failed to adequately treat her injuries from the restraints. I granted her leave to proceed on constitutional and state-law negligence claims against the defendants involved in those incidents.

      In this and other cases, Bradley has filed a motion for my recusal under 28 U.S.C. § 455(a) in her current cases and any future litigation.[1] Dkt. 23. Section 455(a) requires me to recuse myself "in any proceeding in which [my] impartiality might reasonably be questioned." I have a duty to recuse when presented with valid reasons, but I also have a duty to refuse recusal when justification is lacking. *N.Y. City Hous. Dev. Corp. v. Hart*, 796 F.2d 976, 980 (7th Cir. 1986).

---

[1] The clerk of court is directed to enter this order in Case Nos. 20-cv-49-jdp and 20-cv-50-jdp.

Bradley objects to various rulings I have made against her and she suggests that I am part of a conspiracy with Dane County and state of Wisconsin officials to harm her. Her allegations of conspiracy are completely unfounded, and she presents no evidence from which a reasonable observer could conclude that I am biased against her. My rulings against Bradley in various cases are not a reason for my recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . Almost invariably, they are proper grounds for appeal, not for recusal."). I will deny her motion for my recusal.

Bradley has also filed a motion asking the court to reschedule the court's preliminary pretrial conference. Dkt. 24. That conference was originally set for May 10, but prison staff brought her to the videoconference room too late to hold the conference at the scheduled time. I will deny Bradley's motion because the court has already set a new date (June 8) for the pretrial conference.

ORDER

IT IS ORDERED that:

1. Plaintiff Brandon D. Bradley's motion for my recusal, Dkt. 23, is DENIED.
2. Plaintiff's motion to schedule a preliminary pretrial conference, Dkt. 24, is DENIED as moot.

3. The clerk of court is directed to enter this order in Case Nos. 20-cv-49-jdp and 20-cv-50-jdp in addition to this one.

Entered June 6, 2022.

                                        BY THE COURT:

                                        /s/

                                        _____
                                        JAMES D. PETERSON
                                        District Judge