IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRANDON D. BRADLEY, SR., a.k.a.
BRITTNEY HARDAWAY BRADLEY,

                    Plaintiff,                                 ORDER

        v.
                                                               20-cv-49-jdp
ROBERT VAN NORMAN, DEPUTY FLOYD,
and NICK SKREPENSKI,

                    Defendants.

---

BRANDON D. BRADLEY, SR., a.k.a.
BRITTNEY HARDAWAY BRADLEY,

                    Plaintiff,

        v.
                                                               ORDER
DAVID MAHONEY, TOUA VUE,
BEN JENNINGS, MARTIN KNOLL, JACOB ZILLI,                       20-cv-50-jdp
DERRICK WALKER, TIM ALGIERS, MATT EARLL,
DRITTAN LAZAMI, FRANK SMILGIS,
BERNARD BAKER, and JOHN KLEIN,

                    Defendants.

---

BRANDON D. BRADLEY, SR.,

                    Plaintiff,

        v.
                                                               ORDER
MICHELLE KESSNICH, SHANE LLOYD,
JEROME TAYLOR, DENISE VALERIUS,                                20-cv-562-jdp
HERIBERTO RUIZ, JR., JOHNATHAN BOHNSACK,
and ROBYN LODEN,

                    Defendants.

---

Pro se plaintiff Brandon Bradley, also known as Brittney Bradley, is currently a prisoner at Green Bay Correctional Institution. Bradley filed notices of appeal in all three of the above-captioned cases. In Case Nos. 20-cv-49-jdp and 20-cv-50-jdp, she appealed the clerk of court's orders taxing bills of costs against her. In Case No. 20-cv-562-jdp, she appealed following dismissal of her claims under Federal Rule of Civil Procedure 41(a)(1)(A)(ii) in response to the parties filing a stipulation of dismissal; Bradley contended that DOC staffers have breached the settlement agreement reached by the parties by confiscating some of her funds deposited in her account under that settlement. Each of those appeals was dismissed for Bradley's failure to pay the filing fee.

During and after the pendency of her appeals, Bradley filed requests to file motions for sanctions in each of these cases. (I previously sanctioned Bradley by barring her from filing any motions without first seeking permission from the court, Dkt. 77 in the '49 case.). I explained to Bradley that this court could not consider these requests while her appeals were pending. Now that the appeals are closed, I will address her requests.

## A. Case Nos. 20-cv-49-jdp and 20-cv-50-jdp

In the '49 and '50 cases, both against Dane County defendants, I take Bradley to be saying that defendants submitted false medical records from the UW Hospital in support of their motions for summary judgment. But I already considered and rejected a similar argument from Bradley in denying her motion to alter or amend the judgment in the '50 case. Dkt. 148 in the '50 case. Bradley cannot renew her previously denied objection by recasting it as a motion for sanctions.

Bradley also contends that the county defendants should not have been able to include some of the costs of photocopies in its bills of costs because she now has a record from the

2

Wisconsin Department of Corrections showing that counsel from the county defendants withdrew their request for copies of records from DOC medical staff and instead got them from "another source." Dkt. 184-1, in the '49 case. Yet in both of the '49 and '50 cases the county defendants billed Bradley $275.68 for medical records from the DOC. Dkt. 153-1 in the '49 case and Dkt. 143-1 in the '50 case. Construing Bradley's pro se filings generously, I take her to be saying that she has newly discovered evidence that the county defendants falsely billed her for documents from the DOC. These allegations could support a motion to reopen the judgment under Federal Rule of Civil Procedure 60 and a motion for sanctions. I will have the county defendants respond to this portion of Bradley's motions.

**B.  Case No. 20-cv-562-jdp**

This case was closed after the parties (Bradley and state-employee defendants represented by the Wisconsin Department of Justice) filed a stipulation of dismissal. Bradley has filed two motions to sanction defendants for breaching the terms of the settlement agreement the parties reached. Bradley says that the state delayed in depositing the amount and then applied all of the $10,000 settlement amount toward other debts, such as Bradley's many filing fees in this court. Bradley states that this violates the settlement agreement and the filing-fee provision of 28 U.S.C. § 1915(b)(2) ("After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.").

Bradley's motions are couched as request for sanctions but they are really requests to enforce the settlement agreement or to undo dismissal of the case. But those aren't actions that this court can take. There are two ways that a federal court may retain jurisdiction to enforce a settlement agreement after a case is dismissed: (1) dismiss the case without prejudice and

3

expressly retain jurisdiction over the settlement agreement; or (2) incorporate the settlement agreement into a judgment. *Jones v. Ass'n of Flight Attendants-CWA*, 778 F.3d 571, 573 (7th Cir. 2015). Neither of those things occurred in this case.

Because the court did not retain jurisdiction over the settlement agreement, the court cannot resolve disputes about the agreement in the absence of an independent basis for jurisdiction. *Id.* Enforcement of settlement agreements raises only state law issues, which generally do not provide a basis for the court to hear a case unless diversity jurisdiction is established. *Id.* There's isn't any reason to think that the parties are from different states and the amount in dispute here, $10,000, not enough to establish diversity jurisdiction. So if Bradley wanted to enforce the settlement agreement, she would have to do that in state court unless she also had a federal claim for relief.

Otherwise, I could reopen the case under Rules 59 or 60 and unwind the settlement if it were procured by fraud. But Bradley does not suggest that defendants misled her into signing the settlement agreement. And as defendants point out, they aren't the party that withdrew the settlement money from Bradley's account: staff in the DOC business office did, and they are not defendants in this case.

Bradley's argument that the DOC's actions violate § 1915(b)(2) by withdrawing more than 20 percent of her income to pay filing fees in individual cases has a similar problem. DOC staff might have violated this provision by submitting a lump-sum $10,000 to this court, but again, those staffers aren't defendants in this lawsuit and there isn't any reason to think that Department of Justice counsel in this case is responsible for that decision either. So I will not reopen the case or consider sanctioning defendants or counsel. If Bradley believes that her rights under the United States Constitution or other federal law was violated by the business

office staff or other state officials, Bradley will have to raise that in a separate lawsuit. Her

motions in the '562 case will be denied.

ORDER

IT IS ORDERED that:

1. Defendants in Case Nos. 20-cv-49-jdp and 20-cv-50-jdp may have until May 4, 2023, to respond to plaintiff's motions for relief from judgment or for sanctions, Dkts. 182, 184, and 188 in the '49 case and  Dkt. 165 in the '50 case. Plaintiff may have until May 18, 2023, to file a reply.

2. Plaintiff's motions for sanctions or to reopen the case, Dkts. 76 and 92 in Case No. 20-cv-562, are DENIED.

Entered April 13, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge